**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2841
_____

JOEL GONZALEZ-AMBROCIO,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a Final Order of the
Board of Immigration Appeals
(No. A216-370-809)
Immigration Judge: John B. Carle
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on September 6, 2024

Before: JORDAN, HARDIMAN, and PORTER, *Circuit Judges*

(Filed: September 9, 2024)
_____

OPINION*
_____

**PORTER**, *Circuit Judge*.

Joel Gonzalez-Ambrocio is a Guatemalan citizen who entered the United States

illegally. The federal government initiated removal proceedings against him in 2017.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Gonzalez-Ambrocio conceded removability but applied for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT") because he fears persecution from criminal gangs upon returning to Guatemala. The Immigration Judge denied Gonzalez-Ambrocio's applications, and the Board of Immigration Appeals ("BIA") dismissed his appeal. Specifically, the BIA affirmed the Immigration Judge's denials of (1) Gonzalez-Ambrocio's asylum application as time-barred, (2) his application for withholding of removal because, in part, he had not proposed a cognizable "particular social group," and (3) his CAT application because, in part, he did not establish that the Guatemalan government would acquiesce to the gang violence that he fears upon returning to Guatemala. Gonzalez-Ambrocio petitioned for our review.

We have jurisdiction under 8 U.S.C. § 1252(a)(1). We review the BIA's legal conclusions de novo and its factual findings for substantial evidence. *See Sunuwar v. Att'y Gen.*, 989 F.3d 239, 247 (3d Cir. 2021). Finding no reversible error in the BIA's opinion, we will deny Gonzalez-Ambrocio's petition.

As an initial matter, Gonzalez-Ambrocio's opening brief does not argue that his asylum application was timely. He has thus forfeited any challenge to the denial of his asylum application as time-barred. *See, e.g.*, *M.S. v. Susquehanna Twp. Sch. Dist.*, 969 F.3d 120, 124 n.2 (3d Cir. 2020).

Forfeiture also dooms Gonzalez-Ambrocio's application for withholding of removal. To succeed on this claim, Gonzalez-Ambrocio must show that he "is unable or unwilling to return to" Guatemala "because of persecution or a well-founded fear of persecution on account of . . . [his] membership in a particular social group." 8 U.S.C.

2

§ 1101(a)(42)(A). For a proposed particular social group to be legally cognizable, it must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *S.E.R.L. v. Att'y Gen.*, 894 F.3d 535, 547 (3d Cir. 2018) (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014)). The BIA agreed with the Immigration Judge that Gonzalez-Ambrocio's proposed group—"Guatemalan males who oppose gang recruitment efforts," J.A. 53—lacks particularity and social distinction. In his opening brief, Gonzalez-Ambrocio argues that his proposed group is socially distinct and based on a common immutable characteristic. But while he discusses the legal standard for particularity, he does not affirmatively argue that his proposed group satisfies that standard. He has thus forfeited any argument that his proposed group is defined with particularity, so we need not address his withholding of removal claim. *See Laborers' Int'l Union v. Foster Wheeler Corp.*, 26 F.3d 375, 398 (3d Cir. 1994) ("[A] passing reference to an issue . . . will not suffice to bring that issue before this court." (internal quotation marks and quoted source omitted)).

Finally, to succeed on his application for CAT protection, Gonzalez-Ambrocio must show "that it is more likely than not that he . . . would be tortured if removed to" Guatemala. 8 C.F.R. § 1208.16(c)(2). "Torture" is defined as requiring, at minimum, the "acquiescence of[] a . . . person acting in an official capacity." *Id.* § 1208.18(a)(1). In his opening brief, Gonzalez-Ambrocio argues that he has proffered sufficient evidence to establish a likelihood of acquiescence. His evidence consists of two quotations from a "country condition report[]" authored by the U.S. Department of State, from which he

3

concludes that the Guatemalan government is so "weak," "ineffective," and "corrupt[]" as to be "unable or unwilling to protect him from being targeted" by gangs. Opening Br. 23, 24. But in context, those quotations do not support his proposition that the Guatemalan government will be "willfully blind" to the torture that he fears. *Silva-Rengifo v. Att'y Gen.*, 473 F.3d 58, 65 (3d Cir. 2007).

First, Gonzalez-Ambrocio quotes the report as stating that "corruption and inadequate investigation made prosecution [of gangs] difficult" in Guatemala. J.A. 318. But in that same paragraph, the report states that the Guatemalan "government cooperated with [a] UN-backed" commission "to strengthen the rule of law and prosecute officials who committed abuses." *Id.* Gonzalez-Ambrocio also quotes the report as stating that the Guatemalan police "routinely transferred officers suspected of wrongdoing rather than investigating and punishing them." J.A. 323. But the "wrongdoing" mentioned in that paragraph is "extortion" and "abuse of authority," not acquiescence to gang violence. *Id.* And in the following paragraph, the report details the Guatemalan government's zealous "antigang operations," including "allegedly arrest[ing] and imprison[ing] suspected gang members without warrants or on fabricated drug charges." J.A. 323–24. Given this context, Gonzalez-Ambrocio's evidence does not contradict the BIA's conclusion that the Guatemalan government would not "turn a blind eye" to the torture that he fears. *Silva-Rengifo*, 473 F.3d at 70. At most, his evidence indicates that the Guatemalan government would be ineffective at preventing such violence; but we have held that mere ineffectiveness does not constitute acquiescence. *See Galeas Figueroa v. Att'y Gen.*, 998 F.3d 77, 93 (3d Cir. 2021) (denying a petition raising a CAT claim where

4

the Honduran government was attempting to combat gang violence, noting that "the ineffectiveness of the Honduran police in solving" past crimes did not mean "that investigations of future reports of crime would be so unsuccessful as to constitute acquiescence").

For these reasons, we will deny Gonzalez-Ambrocio's petition.